In the Matter of THE HOTEL RALEIGH, INC.

(Filed 1 January, 1935.)

1. **Corporations C a—**

The jurisdiction of a judge of the Superior Court over matters involved in the election of directors of a corporation organized under the laws of this State is statutory.    C. S., 1176, 1177.

2. **Same—Proceeding under C. S., 1177, is summary in its nature and is properly instituted by service of ten days notice on adverse parties.**

A proceeding based upon the failure of stockholders of a corporation to elect directors thereof at the annual meeting held for that purpose because of dissension among the stockholders, and the postponement of such election because of such dissension with the result that the directors theretofore elected continued in office, is a proceeding under C. S., 1177, which is summary in its nature, and notice in writing signed by complainant served on the adverse parties by the sheriff ten days before the date designated for the hearing of the complaint confers jurisdiction upon the judge of the Superior Court over the parties and subject-matter of the proceeding, nor is the failure of the directors to hold an election within thirty days after written request therefor by holders of ten per cent·of the stock of the corporation a prerequisite to the proceedings, the conditions precedent to proceedings under C. S., 1176, not being applicable.

3. **Same: Corporations H a—Superior Court has no power to appoint receiver for corporation in proceedings under C. S., 1177.**

In proceedings under C. S., 1177, for the failure of the stockholders of a corporation to elect directors thereof because of dissension among the stockholders at a meeting held to elect such directors, the corporation is neither a necessary nor a proper party, nor may its rights be affected, and the judge of the Superior Court has no jurisdiction to appoint a receiver for the corporation in such proceeding; although, in proper instances, in the exercise of its equitable jurisdiction, the Superior Court may appoint

a receiver for a corporation whose business is mismanaged, with resulting loss of its assets, because of dissensions among its stockholders or directors.

**4. Corporations O a—**

The officers of a corporation may be chosen only by its directors, and its directors, duly elected by its stockholders, hold office until their successors are duly elected.

APPEAL by A. W. Pate and W. H. Pate, respondents, from *Harris, J.,* at Chambers in Raleigh, N. C., on 15 November, 1934. Reversed.

This proceeding was instituted by M. H. Robertson against A. W. Pate and W. H. Pate under the provisions of C. S., 1177.

The proceeding was begun by notice in writing, signed by M. H. Robertson and addressed to A. W. Pate and W. H. Pate. The notice is dated and was duly served on A. W. Pate and W. H. Pate by the sheriff of Wake County, on 12 September, 1934, and was in words as follows:

"COMPLAINT OF ELECTION AND MATTERS PERTAINING THERETO.

"To A. W. Pate and W. H. Pate:

"You will please take notice that on Saturday, 22 September, 1934, at 11 o'clock a.m., application will be made to his Honor, W. C. Harris, Judge, at chambers in the Wake County courthouse, Raleigh, N. C., to hear the proofs of M. H. Robertson and otherwise enquire into the matter of his complaint of the election which should have been held by the stockholders of the Hotel Raleigh, Inc., on ..... January, 1934, and which was postponed from time to time, no election ever having been actually held, the grounds of complaint, among other things, being:

"1. That there is an equal ownership of stock in A. W. Pate and W. H. Pate, and in M. H. Robertson, and it was not possible for any matter to be heard or determined at said election due to the fact that the votes of A. W. Pate and W. H. Pate were, or would have been, cast on one side of any matter that came before said meeting, and the said stock of M. H. Robertson would have been voted on the other side, the said A. W. Pate and W. H. Pate stating that they would not vote for any person or persons, as officers or directors of the corporation, except themselves, to which the said M. H. Robertson has at all times been and is now opposed.

"2. That the said A. W. Pate and W. H. Pate, at a previous election of the stockholders held for the election of directors, had been elected such directors and by their action in blocking the election which should have been held on ...... January, 1934, they forced the continuance of themselves as directors of the company, and as such directors they had elected themselves officers of the company, to wit: A. W. Pate as Secretary-Treasurer, and W. H. Pate as Vice-President.

"3. That the management of the affairs of the corporation, which is engaged in operating the Raleigh Hotel in the city of Raleigh, N. C., by A. W. Pate and W. H. Pate has proved entirely unsatisfactory, and the business of the company has been and is being damaged thereby.

"M. H. Robertson, Applicant."

Pursuant to this notice, A. W. Pate and W. H. Pate appeared before Judge Harris, at the time and place fixed in the notice, and then and there moved that the proceeding be dismissed, for that:

"(a) No summons has been issued in any matter pertaining to the subject-matter set out in the Complaint of Election and Matters Pertaining Thereto.

"(b) No action has been instituted and no complaint has been filed setting out in full the complaint of the said M. H. Robertson, if any; and said Complaint of Election and Matters Pertaining Thereto is not served upon these parties in connection with any action instituted in the courts of this State.

"(c) Said Complaint of Election and Matters Pertaining Thereto, if treated by the court as a complaint in an action instituted in the courts of this State, does not state a cause of action for that it does not state that the directors of the Hotel Raleigh, Inc., after notice, failed or refused to hold an election for the selection of directors of said corporation; and for that it does not state that the complaint of M. H. Robertson is in connection with an election held or any proceeding, act, or matter pertaining to the same.

"(d) The court is without jurisdiction to hear or determine any matter except as the directors shall have failed or refused to hold an election for thirty (30) days after receiving a written request for an election for directors, or in connection with an election or proceeding, or act, or matter pertaining to the same."

The motion was denied, and the respondents A. W. Pate and W. H. Pate duly excepted.

Without waiving their exception to the denial of their motion to dismiss the proceeding, the respondents A. W. Pate and W. H. Pate thereafter filed their Response to the Complaint of Election and Matters Pertaining Thereto filed by the applicant M. H. Robertson.

The proceeding was then heard by Judge Harris on affidavits filed by both the applicant and the respondents.

On 15 November, 1934, Judge Harris filed in the proceeding an order, as follows:

"This cause coming on to be heard upon the complaint of M. H. Robertson, one of the stockholders, directors, and officers of the Hotel Raleigh, Inc., and it appearing to the court that due notice was given

to the adverse parties, A. W. Pate and W. H. Pate, who appeared at the hearings through their counsel, I. M. Bailey, Esq., and the matter having been heard upon affidavits filed in behalf of the complainant M. H. Robertson, and in behalf of the adverse parties, A. W. Pate and W. H. Pate, the court finds the following facts:

"1. The certificate of incorporation of the Hotel Raleigh, Inc., was issued by the Secretary of State of the State of North Carolina on 9 May, 1932. After the organization of said corporation, stock was issued therein as follows:

Certificate No. 1, A. W. Pate.................................. 1 share
Certificate No. 2, M. H. Robertson........... .............1 share
Certificate No. 3, W. H. Pate ....... ......... .............1 share
Certificate No. 4, M. H. Robertson...... ......... .......1 share
Certificate No. 5, M. H. Robertson...... ................ .1 share
Certificate No. 6, A. W. Pate... ........................ .......1 share

"2. That at the organization meeting, M. H. Robertson was elected president and A. W. Pate was elected secretary-treasurer, and M. H. Robertson, A. W. Pate, and W. H. Pate were elected directors. At the first meeting of the directors, A. W. Pate was appointed general manager of Hotel Raleigh, Inc. The by-laws of the corporation provided for an annual meeting of the stockholders on Tuesday following the third Monday in January of each and every year. The annual meeting was not held on Tuesday after the third Monday in January, 1933, as provided by the by-laws of the corporation, and an effort was made to hold a meeting of the stockholders in the month of February, 1933, for the purpose of electing directors, who would in turn elect officers and a manager of the hotel. No meeting of the stockholders or directors was held in 1933.

"During the month of February, 1934, a meeting of the stockholders of the corporation was held and an equal number of votes in said meeting being cast by M. H. Robertson and by A. W. Pate and W. H. Pate, a deadlock was reached, and nothing could be accomplished at said meeting; that as the result of this condition, A. W. Pate, who was appointed manager at the first meeting of the directors, has continued as manager of the Hotel Raleigh over the protest of the complainant M. H. Robertson; that as the result of the deadlock in the voting at the stockholders' meeting held in February, 1934, and the continuation of such deadlock in any meeting that may be held in future, there can be no change in the directors of the corporation, or in the general manager; that in meetings of the directors of the corporation, W. H. Pate and A. W. Pate consti-

tute a majority, and will not declare the term of office of A. W. Pate at an end or elect any other manager, although M. H. Robertson has protested and objected to the continuation of A. W. Pate as manager, and M. H. Robertson has been and will be deprived of any control of the management of the Hotel Raleigh, which is operated under a lease by the corporation, Hotel Raleigh, Inc.

"3. That in the hearings of this matter before the court, every effort has been made to reach an adjustment that would be satisfactory to M. H. Robertson on the one hand and to A. W. Pate and W. H. Pate on the other hand, and which would be for the best interests of the stockholders of the corporation, but such efforts have failed, and the court finds as a fact that the continuation of the conditions as they now exist places the corporation in imminent danger of insolvency, and that it is necessary for the protection of the rights of stockholders and creditors that this court exercise the power given it by section 1177 of the Consolidated Statutes of North Carolina and give such relief in the premises as right and justice may require.

"4. That in order to prevent the insolvency of the corporation, and in order to protect the rights of all the stockholders and of the creditors of said corporation, it is necessary to forthwith appoint a receiver to operate the Hotel Raleigh until the further order of this court.

"Whereupon, it is ordered and adjudged (1) that Fred A. Williams be and he is hereby appointed receiver of Hotel Raleigh, Inc., with full power and authority to forthwith take charge of and operate Hotel Raleigh immediately upon filing of this order, and to manage and control the business of the said corporation under the orders and directions of this court.

"(2) That said receiver give bond in the sum of $3,000.00 for the faithful performance of his duties.

"(3) That the compensation of said receiver be and it is hereby fixed at $150.00 per month, together with the right to occupy two rooms in said hotel, free of charge.

"(4) That the said receiver shall operate said Hotel Raleigh in accordance with the provisions of the lease entered into by Cobb Realty Company and Hotel Raleigh, Inc., and shall operate it in accordance with the Code of Fair Competition established under the National Industrial Recovery Act for the operation of hotels of a character similar to Hotel Raleigh; that said receiver shall devote his entire time to the management and business of said hotel, and if the Code permits him to do so, the said receiver shall act as clerk as well as manager, and he shall have power to employ such clerks and other help as may be necessary for the proper conduct of said hotel, and to pay to them such salaries as may meet the requirements of said Code.

"(5) That the said receiver shall operate the said hotel free from interference by any of the officers, directors, or stockholders of the corporation, and the said receiver is prohibited from extending any favors to any of said stockholders, officers, or directors in the way of free quarters, or otherwise.

"(6) That A. W. Pate and W. H. Pate deliver to the said receiver all of the books, records, office equipment, cash on hand, and property of every kind and character belonging to Hotel Raleigh, Inc., which is in their possession or under their control, individually or as manager or officer of said corporation.

"(7) The term of office of A. W. Pate as manager of said hotel shall end upon filing of this order and upon the payment of his salary for the month of November, his right to compensation as manager shall terminate, and if he, W. H. Pate, or M. H. Robertson shall continue to occupy quarters in the said hotel after 1 December, 1934, it shall be at the rates charged other guests of the hotel for similar quarters.

"(8) That in the operation of said hotel the said receiver shall not be responsible to any stockholder, officer, or director of the corporation, and each and every one of the said stockholders, directors, and officers is prohibited from interfering in any manner with the operation of said hotel by the receiver.

"(9) That the receiver shall file with the court a report of his operation of the said hotel on 15 December, 1934, and on the 15th day of each month thereafter, and shall deliver a copy of said report to M. H. Robertson, W. H. Pate, and A. W. Pate.

"(10) That I. M. Bailey, Esq., attorney for W. H. Pate and A. W. Pate, and Murray Allen, Esq., of counsel for M. H. Robertson, are appointed attorneys for the receiver.

"This matter is retained for further orders.

"W. C. Harris, Judge."

The respondents A. W. Pate and W. H. Pate excepted to the foregoing order and appealed to the Supreme Court, assigning as error (1) the denial by the court of their motion that the proceeding be dismissed, and (2) the signing of the order by the court.

*Clyde A. Douglass and Murray Allen for M. H. Robertson appellee.*
*I. M. Bailey for A. W. Pate and W. H. Pate, appellants.*

Connor, J. The jurisdiction of a judge of the Superior Court of this State of matters involved in the election of directors by stockholders of a corporation organized under the laws of this State is statutory. The statutes applicable to such elections are as follows:

"C. S., 1176. *Failure to hold election.* If the election for directors of a corporation is not held on the day designated by the charter or by-laws, the directors shall cause the election to be held as soon thereafter as is convenient. No failure to elect directors at the designated time shall work any forfeiture or dissolution of the corporation; and if the directors fail or refuse for thirty days after receiving a written request for such election from those owning one-tenth of the outstanding stock to call a meeting for the election, the judge of the district, or the judge presiding in the courts of the district in which the principal office of the corporation is located, may, upon the application of any stockholder, and on notice to the directors, order an election or make such other order as justice requires. The proceedings governing the issuance and hearing of injunctions shall, as far as applicable, govern such hearing."

"C. S., 1177. *Jurisdiction of Superior Court over elections.* The Superior Court judge, upon application of any person who may complain of any election, or any proceeding, act, or matter pertaining to the same, ten days notice having been given to the adverse party, or to those who are to be affected thereby, of such intended application, shall proceed forthwith, at chambers, in any county in the district in which the principal office of the corporation is situated, to hear the affidavits, proofs, and allegations of the parties, or otherwise inquire into the matter or causes of complaint, and thereupon establish the election complained of, or order a new election, or make any order and give any relief in the premises as right and justice requires. The proceedings shall, as far as applicable, be the same as in injunctions."

This proceeding was instituted under C. S., 1177. The notice signed by the complainant and served by the sheriff of Wake County on the adverse parties, ten days before the date designated for the hearing of the complaint, was sufficient to confer jurisdiction on the judge of the Superior Court, of the parties and of the subject-matter of the proceeding. The conditions precedent to the institution of a proceeding under C. S., 1176, are not applicable to this proceeding. It is true that it appears from the complaint that the stockholders of the corporation had failed to elect directors, but it also appears that a meeting of the stockholders had been duly held for that purpose, on the day fixed in the by-laws of the corporation. The complaint is that no directors had been elected by the stockholders for the ensuing year, and that for the reasons assigned such election had been postponed, with the result that the directors heretofore elected continue in office.

The assignment of error on the appeal to this Court based on respondents' exception to the denial of their motion that the proceeding be dismissed is not sustained.

The proceeding under C. S., 1177, is summary, and is properly begun by a notice in writing signed by the complainant and served on the re-

spondent. No conditions precedent to the commencement of the proceeding are required by the statute as in the case of a proceeding under C. S., 1176.

The question presented by respondents' second assignment of error on their appeal to this Court is whether the judge of the Superior Court, in a proceeding instituted under C. S., 1177, on his finding that the stockholders of a corporation organized and doing business under the laws of this State, at an annual meeting duly held in accordance with the by-laws of the corporation, have failed to elect directors for the ensuing year, because of their inability, due to dissensions among them, to agree on such directors, has the power to appoint a receiver of the corporation, and to authorize and direct such receiver to take into his possession all the property of the corporation, and to conduct its business under the orders of the court, thereby depriving the corporation of the possession of its property and its board of directors of the right to conduct its business, as authorized by the laws of this State.

This question is answered in the negative. The statute, which is general in its terms and which should be liberally construed, does not confer such power on the judge, expressly or by implication. If it did purport to confer such power, grave questions as to its validity would be presented. The corporation itself is neither a necessary nor a proper party to the proceeding, and for that reason its rights are not involved therein, and cannot be affected by any order or orders made in the proceeding.

In the instant case the judge has found that the corporation is in imminent danger of insolvency because of the failure of the stockholders to elect directors at their annual meeting in January, 1934. We find no evidence in the record to support this finding. On the contrary, all the evidence shows that under the management of the directors who now hold office under a valid election, the business of the corporation has prospered.

The only controversy which has arisen among the stockholders of the Hotel Raleigh, Inc., is as to who shall be chosen as officers of the corporation, and receive salaries for their services to be paid by the corporation. The statutes in this State provide a solution for this controversy. The officers can be chosen only by the directors, to whom the management of the business of the corporation is entrusted. Until their successors shall be elected by the stockholders, the present directors, now holding their offices under a valid election, will continue as directors, and as such will be liable to the stockholders and creditors for the faithful performance of their duties.

We do not hold that in a proper case the Superior Court of this State, in the exercise of its equitable jurisdiction, is without power to appoint

a receiver of a corporation, whose business has been improperly conducted, with resulting loss to its creditors or stockholders, because of irreconcilable dissensions among its stockholders or directors. That question is not presented on this appeal. We hold only that in the summary proceeding provided by C. S., 1177, the judge of the Superior Court is without such power. In accordance with this holding, the order of Judge Harris is

Reversed.